[See Case No. 16,854.]

---

## Case No. 16,856.

### VANHORN v. CHESNUT.

[2 Wash. C. C. 160.] [1]

Circuit Court, D. Pennsylvania. April Term, 1808.

#### EJECTMENT—WARRANT—SURVEY.

An ejectment cannot be maintained on a warrant, without a survey, or purchase money paid.

[Cited in Goodlet v. Smithson. 5 Port. (Ala.) 245; Winter v. Jones, 10 Ga. 190.]

Ejectment. The title of. the lessor of the plaintiff was founded upon an application of John Irvin, for the land in question, to include his improvement, made in 1776. In 1774, this land, as appeared by an abstract

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

from the execution book of the prothonotary's office of the county in which the land lay, was levied upon by a writ of fieri facias, sold by the sheriff under a venditioni exponas, and purchased by a person under whom the defendant claimed. The only question of fact in the cause was, whether the fieri facias was levied on this land, or on another tract belonging to the same person. Irvin never had a survey made of the land, nor had he paid any part of the purchase money to the state; but on the contrary, the purchaser under the execution, to secure his title, was obliged to pay it.

A motion for a nonsuit being made, on the ground that the plaintiff had not acquired a legal title, THE COURT nonsuited the plaintiff, for the reason assigned.

Mr. Dallas, for plaintiff.

Mr. Ingersoll, for defendant.